UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ONEKA SPICER,

        Plaintiff,                     No. 20-10987

v.                                District Judge Denise Page Hood
                                    Magistrate Judge R. Steven Whalen

HARVARD MAINTENANCE, INC.,

        Defendant.

_____ /

**ORDER ON RECONSIDERATION**

On January 29, 2021, Defendant filed a "Request for Clarification of the Magistrate Judge's January 14, 2021 Order." [ECF No. 28]. I ordered the Plaintiff to file a response, which she did on February 12, 2021 [ECF No. 32]. The Defendant filed a reply on February 19, 2021 [ECF No. 33].

At issue is the effect of my January 14, 2021 order regarding the scope of deposition topics for the deposition of Defendant's corporate representative under Fed.R.Civ.P. 30(b)(6), specifically topics 5, 10, 15, and 16. While the January 14th order directs that the Defendant produce a corporate representative for the Midwest District, and not just Michigan, and that the deposition topics in question will relate to the entire Midwest District, Defendant contends that the parties agreed on the record to limit topics 5, 10, 15, and 16 to Michigan only.

The January 14th order reads as follows:

"With the exception of Topics 13 and 14, the topics for the deposition of the Defendant's corporate representative under Fed.R.Civ.P. 30(b)(6) will include Defendant's Midwest District, headquartered in Illinois, and the representative will be the person in Illinois who is most knowledgeable regarding the topics.

As to the topics under dispute in these motions, the following are permissible and will relate to the entire Midwest District: Topics 3, 5, 10, 12, 15, and 16. Topics 13 and 14, regarding other complaints of racial and gender discrimination, will be limited to Michigan." ECF No. 25, PageID.393.

The language of this order is specific and clear. It does not require clarification. Therefore, Defendant's "request for clarification" is, in substance, a request for reconsideration.  To prevail on a motion for reconsideration, Plaintiff "must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Under the Local Rule, a motion for reconsideration must be filed within 14 days of the order of which reconsideration is sought.

First, this motion was filed on January 29, 2021, 15 days after the January 14th order, so it is untimely.

But, the motion is also problematic on its merits. At the original motion hearing, there was indeed some discussion about the scope of these topics, and the transcript could arguably be read to contain Plaintiff's counsel's agreement to limit the scope to Michigan.

However, "[i]t is axiomatic that the Court speaks only through its written orders." *Kostyu v. United States*, 742 F.Supp. 413, 416, n. 2 (E.D.Mich.1990) (Cohn, J.)(internal punctuation omitted). *See also Abner v. County of Saginaw*, 2007 WL 4322167, *4 (E.D.Mich.2007) (Lawson, J.) ("It is well settled that the Court speaks through its written orders and judgments, not its opinions and oral pronouncements").

As a regional manager, the Defendant's corporate representative will be well-versed in, and prepared to testify to the topics on a District-wide basis. There is no palpable defect that would require reconsideration of my order. The Defendant may interpose and thereby preserve objections to any questions based on relevance, although the witness must answer the questions subject to those objections.

Accordingly, Defendant's motion [ECF No. 28] is DENIED.

Defendant will produce its corporate representative for deposition within three weeks of the date of this Order.

Discovery is extended to April 9, 2021 for purposes of taking the corporate representative's deposition.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 19, 2021

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on March 19, 2021, electronically and/or by U.S. mail.

<u>s/Carolyn M. Ciesla</u>
Case Manager to the
Honorable R. Steven Whalen