UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ONEKA SPICER,

    Plaintiff,

v.

Case No. 20-10987
Hon. Denise Page Hood

HARVARD MAINTENANCE, INC.,

    Defendant.

_____ /

## ORDER GRANTING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT [ECF NO. 59]

### I.    INTRODUCTION

Now, before the Court, is Defendant's, Harvard Maintenance, Inc.'s ("Harvard") second motion for summary judgment [ECF No. 59] as to Plaintiff's, Oneka Spicer's, claims of race and sex discrimination and harassment lawsuit. The motion is fully briefed, and a hearing was held Tuesday, March 12, 2024, wherein the parties engaged in oral argument. For the reasons stated herein, Defendant's motion for summary judgment is granted.

### II.    BACKGROUND

Plaintiff began working for Harvard on May 1, 2017. [ECF No. 1, PageID.10]. Her duties included performing general cleaning services for Harvard's clients. *Id*. Plaintiff's work began in Tower 2 of the Town Center. *Id*.

Melissa Hicks was the manager of Tower 2 at the time. *Id*. According to Plaintiff, she voluntarily transferred to Tower 1 under the management of Christian Copeland. *Id*. Plaintiff alleges that Mr. Copeland had a practice of being more critical of female workers and how they completed their job duties. *Id*. On October 5, 2018, Mr. Copeland accused Plaintiff of writing in a word puzzle book and charging her phone instead of cleaning. *Id*. at PageID.11. Plaintiff was suspended for three days after this occurrence. *Id*. Plaintiff believes that this was not the true reason for her suspension or ultimate termination because she witnessed her male counterparts receive lesser punishments. *Id*. After the third day of her suspension, Plaintiff contacted her employer inquiring about her return. *Id*. She was told that she would have to wait for the outcome of the union hearing. *Id*. On October 15, 2018, Plaintiff appeared for a union hearing which did not yield any further information regarding the status of her employment. *Id*. at PageID.12. On October 19, 2018, Plaintiff was informed by a union representative that she had been recommended for termination because she had failed to return to work following the three-day suspension. *Id*. Plaintiff's union representative requested a last chance agreement, however, the area manager, Ms. Vicky Graham, bypassed the warning and last chance agreement due to the severity of the infraction. [ECF No. 61, PageID.1908].

Plaintiff alleges three counts of wrongdoing against Harvard in violation of the Michigan Elliot-Larsen Civil Rights Act: Count I – discrimination based on sex and gender, Count II – discrimination on the basis of race and color, and Count III – hostile workplace environment. [ECF No. 1, PageID.12]. Plaintiff seeks compensatory damages, exemplary damages, an award of loss wages and the value of fringe benefits, past and future, interest, costs, and reasonable attorney fees, and equitable relief, and any other relief the Court deems reasonable under the circumstances. *Id*. at PageID.15.

### III. PROCEDURAL HISTORY

Plaintiff brought this suit in the 6th Judicial Circuit of the State of Michigan. On April 22, 2020, Harvard removed this matter to the Eastern District of Michigan based on diversity jurisdiction. The parties have engaged in a lengthy discovery period involving motion practice. Harvard now brings its second motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 as to all of Plaintiff's claims. [ECF No. 59]. Harvard argues that Plaintiff fails to establish a prima facie case for any of her claims. [ECF No. 59, PageID.1534-35].

### IV. ANALYSIS

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment on some or all counts. Summary judgment is appropriate where "the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" to establish that there is no genuine issue for trial. Fed. R. Civ. P. 56(c)(1)(A). "As the party moving for summary judgment, Defendants bear the burden of showing the absence of a genuine issue of material fact as to at least one essential element of Plaintiff's claim." *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001). Courts "must accept Plaintiff's evidence as true and draw all reasonable inferences in her favor[.]" *Id*. The Court "may not make credibility determinations nor weigh the evidence before it when determining whether an issue of fact remains for trial." *Id*.

Cases brought pursuant to the ELCRA are analyzed under the same evidentiary framework used in Title VII cases. *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004). Therefore, "a plaintiff must show that she was (1) a member of the protected class, (2) subject to an adverse employment action, (3) qualified for the job, and (4) treated differently than similarly situated male employees for the same or similar conduct. *Id*. Where a plaintiff successfully establishes a prima facia case for discrimination under the ELCRA, the burden

4

shifts to the defendant to show that there was a legitimate, non-discriminatory reason for the employer action in question. *Id*. If the defendant can provide a legitimate, non-discriminatory reason, the plaintiff must show that such reason is merely pretext. *Id*.

**A. Sex and race-based discrimination.**

Plaintiff's brief lumps her sex and race-based discrimination claims together. Plaintiff alleges that Harvard, through its agent Mr. Copeland, violated the ELCRA by discriminating against her on the basis of gender and race. [ECF No. 1, PageID.12-13]. It is undisputed that Plaintiff is a Black woman or that she suffered an adverse employment action when she was suspended and ultimately terminated. It is further undisputed that Mr. Copeland, Plaintiff's manager, is a Black male. Therefore, both Plaintiff and Mr. Copeland belong to the same protected class with respect to their race. Plaintiff has brought no evidence establishing that Mr. Copeland discriminated against her because she is a Black woman. Instead, she attributes much of the wrongdoing to the area manager, Ms. Graham, who is not mentioned in Plaintiff's Complaint.

As a woman, Plaintiff may be able to establish a viable sex-based discrimination claim against Harvard for Mr. Copeland's actions. The questions to be answered here are whether Plaintiff was qualified for her position and whether

she was treated differently than similarly situated male employees for the same conduct. *Jacklyn v. Schering-Plough Healthcare Prod. Sales Corp.*, 176 F.3d 921, 928 (6th Cir. 1999). Summary judgment is granted with respect to Plaintiff's race-based claims.

### 1. Qualifications

Harvard argues that Plaintiff cannot show that she met Harvard's legitimate performance expectations. [ECF No. 59, PageID.1557]. In other words, Plaintiff has not shown that she did her job well enough to survive summary judgment based on her termination for inadequate job performance. *Id*. citing *Town v. Michigan Bell Telephone Co.*, 455 Mich. 668, 699 n.22; 568 N.W.2d 64 (1997). Harvard points out several complaints made by its clients about Plaintiff's work and her nonchalant attitude towards her disciplinary meeting as support for this argument. *Id*. Specifically, Harvard argues that "[m]ultiple tenants, across two towers, complained about Plaintiff's work performance, and she failed to correct her poor work performance even after Harvard provided her with a detailed cleaning schedule." *Id*. Harvard's position is supported by ECF No. 59-5, beginning at PageID.1699 which shows Plaintiff's personnel file and includes several write ups for poor performance. Harvard has also attached a copy of Harvard's company work rules and policies identifies a list of major rule violations which could subject an employee to immediate discharge. [ECF No. 59-7,

6

PageID.1871]. Among the list of major offenses is "[u]nauthorized use of customer property, telephones, vending machines, or other equipment or removal of tenant property from the premises."[1] *Id*. at PageID.1872.

Plaintiff argues that Harvard's reason for termination, excessive complaints, is not supported by the record and Harvard failed to act in accordance with the parties' collective bargaining agreement.[2] [ECF No. 61, PageID.1907]. Again, Plaintiff focuses her argument on the actions of the area manager, Ms. Graham instead of actions taken by Mr. Copeland, whom Plaintiff alleges committed the wrongdoing. [ECF No. 61, PageID.1913; ECF No. 1].

Plaintiff cites *Griffin v. Finkbeiner*, 689 F.3d 584 (6th Cir. 2012) to show that Plaintiff is only required to provide enough evidence to support a prima facie case and rebut, but not disprove, Harvard's proffered rationale for Plaintiff's termination. However, the plaintiff in *Griffin* was able to point to evidence supporting its claim including racially insensitive comments made by the defendant which the court found could suggest racial animus. *Id*. at 595. Plaintiff

---

[1] Plaintiff argues that the term "major work violation" is not included in the parties' collective bargaining agreement. However, Plaintiff agreed that her actions constituted a major rule violation under Harvard's work rules in her deposition. [ECF No. 59-6, PageID.1789].
[2] While the parties failed to attach a copy of the Collective Bargaining Agreement to the present briefing, a search of the docket revealed that Harvard attached a copy of the agreement to its first motion for summary judgment.

has not pointed to any such evidence with respect to her race-based or sex-based claims.

As Defendant points out, Plaintiff testified that she was unsure why she believed that Mr. Copeland treated the female employees differently from the males. [ECF No. 59, PageID.1551]. She also testified that she was able to transfer to a different building when she reported that a tenant called her a racial slur. [ECF No. 59-6, PageID.1729]. Plaintiff relies on statements made by another employee, Kenyatta Turner, who was also terminated by Harvard to support her claim that Mr. Copeland discriminated against Black women. *Id*. at PageID.1793-94. But Plaintiff does not know why Ms. Turner was terminated and explicitly stated that she was not claiming that it was because of sex or race-based discrimination.

### 2. Similarly Situated Employees

Even if Plaintiff could show that she was qualified for her position, she has not shown that any similarly situated employees were treated differently. To do so, Plaintiff would need to show that (1) she dealt with the same supervisor; (2) was subjected to the same employment policy or rules; and (3) engaged in the same conduct without differentiating or mitigating circumstances that would distinguish the conduct of the employee or the employer's treatment of the conduct. *Perry v. McGinnis*, 209 F.3d 597 (6 Cir. 2000).

8

Plaintiff's suspension did not come until she was observed by Mr. Copeland using tenant property. Plaintiff testified that she was aware that doing so was a violation of company policy. Plaintiff only provides examples of other employees who had received multiple complaints for poor work performance. Plaintiff has not shown that there were any other employees who received multiple complaints of poor work performance and were caught using tenant property who were not terminated.

Plaintiff has not shown that she was qualified for her position or that Mr. Copeland, or anyone, treated her differently from any similarly situated employees, male or female, Black or otherwise, employee. Summary Judgment is granted as to Plaintiff's race-based and sex-based discrimination claims.

### B. Hostile Work Environment

Plaintiff also brings a claim alleging hostile work environment. [ECF No. 1, PageID.14]. Plaintiff asserts that she was subjected to unwelcomed communication and conduct on the basis of her status as an African American. *Id*. Plaintiff further alleges that the unwelcomed conduct and communication were intended to and did substantially interfere with her employment. *Id*. at PageID.15. Plaintiff alleges that these actions were done because she is an African American.

To prove that defendant created a hostile work environment, Plaintiff must show:

(1) The employee belonged to a protected group; (2) the employee was subjected to communication or conduct on the basis of the protected status; (3) the employee was subjected to unwelcome conduct or communication on the basis of the protected status; (4) the unwelcome conduct or communication was intended to, or in fact did, interfere substantially with the employee's employment or created an intimidating hostile, or offensive work environment; and (5) respondeat superior.

*Downey v. Charlevoix Co., Bd. Of Rd. Comm'rs.*, 227 Mich. App. 621, 629 (1998). As explained above, Plaintiff has shown that she is a member of two protected classes as a Black woman but failed to show that she has been discriminated against on either basis. In Plaintiff's response brief, she argues that Ms. Graham's comments that Plaintiff was "rude, overly aggressive, and unpleasant" coupled with an underpaid environment created an intimidating, hostile, or offensive employment environment on the basis of Plaintiff's race. [ECF No. 61, PageID.1916-17]. Ms. Graham made such comments in regards to her observation of Plaintiff's demeanor in the union meeting held to determine the fate of Plaintiff's employment with Harvard. [ECF No. 59, PageID.1549]. While such comments have been generally understood in the African American community to perpetuate a stereotype typically imposed upon Black women, Plaintiff has not shown that the comments interfered with Plaintiff's work environment because Plaintiff never returned to Harvard after the union meeting. In fact, Plaintiff did not

10

even find out about the comments until she had formally been terminated from Harvard. Plaintiff has not established a prima facie case for hostile work environment.

Summary judgment is granted in favor of Harvard on Plaintiff's claim of hostile work environment.

## V. CONCLUSION

Plaintiff has failed to show that Harvard engaged in race-based or sex-based discrimination in violation of the Elliot-Larsen Civil Rights Act when it took action to terminate her. Plaintiff has also failed to show that she was subjected to a hostile work environment while employed by Harvard in violation of the same. Summary judgment is granted as to all claims against Harvard.

s/Denise Page Hood<br>
Denise Page Hood<br>
United States District Judge

Dated: June 12, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on June 12, 2024, by electronic and/or ordinary mail.